UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

AMOS ISHMOND BELL, et al.,

    Defendants.
_____/

Case No. 1:22-cr-44

HON. JANE M. BECKERING

## MEMORANDUM OPINION AND ORDER

Now pending before the Court is Defendant's *pro se* Motion for Early Termination of Supervised Release (ECF No. 116). For the following reasons, the Court denies the motion.

Defendant pleaded guilty to a violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(viii) and was sentenced on November 22, 2022 by this Court to 30 months' imprisonment to be followed by a 3-year term of supervised release (Judgment, ECF No. 99). On October 29, 2025, Defendant filed the motion at bar (ECF No. 116). On November 20, 2025, the government filed a response in opposition to Defendant's motion (ECF No. 119).

A district court's duty to explain its sentencing decisions extends to requests for early termination of supervised release. *United States v. Tavarez,* 141 F.4th 750, 757 (6th Cir. 2025). A district court "may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]" *United States v. Johnson*, 529 U.S. 53, 60 (2000).

"The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Hale*, 127 F.4th 638, 640 (6th Cir. 2025) (citation omitted). "The conjunction 'and' used in the statute clearly indicates that a district court must conclude that the early termination of supervised release is warranted both by the individual's conduct and also by the interest of justice." *Id.* (citation omitted). Additionally, "district courts will 'generally' find early termination proper only when exceptionally good conduct or other changed circumstances are present," although the statutory text does not make "exceptionally good" conduct "an absolute prerequisite to relief." *Id.* at 641.

After carefully considering the record and the relevant factors set forth in §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), the Court finds that early termination of supervision is not warranted at this time. The Court commends Defendant for maintaining employment and complying with many of the terms of her supervised release. That said, the Court takes note of the serious nature and circumstances of Defendant's offense and Defendant's entire record of conduct, which counsels against removing the support afforded by her current supervision. For these reasons, and for those noted by the government in its opposition, the Court declines to grant the relief requested by Defendant.

Accordingly:

**IT IS HEREBY ORDERED** that the *pro se* Motion for Early Termination of Supervised Release (ECF No. 116) is DENIED.

Dated:  December 1, 2025                                    /s/ Jane M. Beckering
                                                             JANE M. BECKERING
                                                             United States District Judge